UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
LEROY JONES,

                    Petitioner,

-against-

CONNOLLY,

                    Respondent.
----------------------------------------------------------------x

NOT FOR PRINT OR ELECTRONIC PUBLICATION

MEMORANDUM AND ORDER
12-CV-1543 (ARR)

ROSS, United States District Judge:

On March 26, 2012, petitioner filed the instant petition *pro se* for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging two separate Kings County convictions. The Court grants plaintiff's request to proceed *in forma pauperis*. For the reasons set forth below, the petition is denied.

## I. DISCUSSION

### A. 2000 Conviction

Petitioner first challenges his May 31, 2000 conviction ("2000 Conviction") on three counts of Burglary in the Second Degree and one count of Attempted Burglary in the Second Degree under Indictment No. 7558/98. Pet. at 1. On March 8, 2001, petitioner was resentenced to concurrent terms of imprisonment totaling sixteen years to life. Pet. at 1. Petitioner has previously challenged this 2000 conviction in this Court. See Jones v. Herbert, No. 02-CV-5746 (JBW) (petition dismissed on February 7, 2006). By Mandate issued February 17, 2007, the Second Circuit affirmed the dismissal. See Mandate No. 06-0572 (2d Cir. Feb. 12, 2007). Thus, the petition, as it relates to the 2000 conviction, is second or successive and the Court cannot consider it. The Antiterrorism and Effective Death Penalty Act of 1996 "allocates

jurisdiction to the courts of appeals, not the district courts, to authorize successive habeas motions or applications." Torres v. Senkowski, 316 F.3d 147, 151 (2d Cir. 2003); 28 U.S.C § 2244(b)(3)(A). Therefore, petitioner must move in the United States Court of Appeals for the Second Circuit for permission to pursue this successive petition for habeas corpus relief. 28 U.S.C. § 2244(b)(3)(A).

B. 1992 Conviction

To the extent petitioner challenges his August 5, 1992 conviction under Indictment No. 12539/89 ("1992 Conviction"), by plea of guilty to Attempted Burglary in the Second Degree, the petition is likewise denied. Petitioner was sentenced to 2 to 4 years imprisonment on this conviction. Pet. at 1, ¶ 2. Title 28 of the United States Code, Section 2254, authorizes federal courts to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). The petitioner must "be 'in custody' under the conviction or sentence under attack at the time his petition is filed." Maleng v. Cook, 490 U.S. 488, 490-91 (1989). When a petitioner's sentence for a conviction has fully expired, the conviction may not be challenged because the petitioner is no longer "in custody" pursuant to that conviction. Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 401-02 (2001). The collateral consequences of a conviction for which the sentence has completely expired are insufficient to render a petitioner "in custody" under 28 U.S.C. § 2254(a). Maleng, 490 U.S. at 492. Since petitioner is no longer in custody under Indictment No. 12539/89, the Court does not have jurisdiction to consider his challenge to that conviction pursuant to 28 U.S.C. § 2254.

## II. CONCLUSION

Accordingly, the petition as it relates to petitioner's 2000 conviction is denied as second or successive; as it relates to petitioner's 1992 conviction, the petition is denied for lack of jurisdiction. A certificate of appealability shall not issue because petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The court certifies that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

ALLYNE R. ROSS
United States District Judge

Dated: March 30, 2012
Brooklyn, New York

3

SERVICE LIST:

**Plaintiff:**

Leroy Jones
01A1692
Fishkill Correctional Facility
Box 1245
Beacon, NY 12508